Green J.
delivered the opinion of the court.
This is an action of trover for two hundred and fifty cords , of wood.
It appears from the bill of exceptions, that one Doyle made a contract with Crocket & Woodson, for cutting and cording a thousand cords of wood; that Doyle leased of Samuel Gibson a piece of land to clear and'fence, upon which land he cut and corded three hundred and thirty-one and a half cords of wood to put in said contract, — but it was not to belong to the defendants until “taken up.” Before the wood was “taken up,” Doyle sold it to the plaintiff Beaty. After the wood'was sold to Beaty, Crocket & Woodson sent a wagon to haul some of the wood that had been coaled. When Baker (the wagoner) came to the coal pit, the plaintiff Beaty was there and claimed the coal as his own. The plaintiff went up to. the wagoner (Crocket & Woodson’s agent) and told'him to go away, whereupon the wagoner threatened to make the plaintiff go away— and he took a load of coal and hauled it.to. the defendant. Other persons hauled portions of this wood to the defendants, by their directions, before this suit was brought.
The court charged the jury, among other things, “If the defendants, by themselves or their agents, claimed the wood and coal as* their property, and prevented the plaintiff from obtain *22 ing possession of them before the institution of this suit, they are guilty of a conversion, though they may not in point of fact, have received the whole of it into their actual possession before the institution of thisjmit.”
The jury found for the-plaintiff the value of all the wood,— as well that which had been hauled before the institution of this suit, as that which remained on the ground.
The defendants moved for a new trial, which was refused by the court, and they appealed to this comt.
It is now insisted that his honor erred in his instruction to the jury; because it is said, that for aught that appears, the cords of wood may have been far distant from each other, and the claim of ownership of one cord in such case, would be no evidence of such claim in relation to another. .
It is very true, that in the case supposed, the act of ■ a party in taking possession of part of the wood would be no evidence of the conversion of othen wood lying at a distance, nor does his honor so charge the juiy. He said “that if the defendants claimed the wood and coal as their property, and prevented the plaintiffs from obtaining possession of them, they are guilty of a conversion.” This language left it to the jury to say whether the defendants claimed the wood as their own, and prevented the owner from taking possession of it. If so, the defendants were guilty of a conversion.
We think the statement of the court was strictly correct. It was matter of evidence whether the wood was in such proximity as that the claim of the defendants and the conduct of their agents prevented the plaintiff from taking possession of any part of the wood. And we think there is evidence sufficient to support the verdict on this point, especially as the bill of exceptions does not state that it contains the whole of the evidence that was given in the cause. Affirm the judgment.